UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES HIVELEY,

    Plaintiff,

v.    Case No.:  8:20-cv-1667-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Charles Hiveley seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on August 17, 2017, alleging disability beginning January 1, 2016. (Tr. 64, 71, 213-23). The applications were denied initially on December 28, 2017, and upon reconsideration on May 7, 2018. (Tr. 64, 71, 84, 97). Plaintiff requested a hearing and on June 13, 2019, a hearing was held before Administrative Law Judge Carl C. McGhee. (Tr. 35-57). On August 2, 2019, the ALJ entered a decision finding Plaintiff not under a disability from January 1, 2016, through the date of the decision. (Tr. 18-29).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on May 18, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 21, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 23).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2022. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2016, the alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder,

major depressive disorder, generalized anxiety disorder, panic disorder, polysubstance use disorder, unspecified personality disorder, osteoarthritis, spondylosis, lumbosacral facet arthropathy and degenerative disc disease of the lumbar spine." (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> I find that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk for 6 hours in an 8[-]hour day; and sit for 6 hours in an 8[-]hour day. The individual requires a sit/stand option with an alternating interval of 3-4 hours. The individual can frequently push and/or pull with the upper extremities, balance, reach waist to chest with both arms, and reach above shoulder level with both arms. The individual can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. The individual cannot climb ladders and scaffolds. The individual can constantly handle with both hands, finger with both hands, and feel with both hands. The individual cannot work around extreme cold; wetness and humidity; vibration; or high, exposed places. The individual can occasionally work around moving, mechanical parts. The individual is able to understand, remember, and carry out simple instructions; and they are limited to work that requires occasional changes in the work setting. The individual is limited to work that requires occasional interaction with the public, coworkers, and supervisors.

(Tr. 23).

The ALJ found Plaintiff unable to perform any past relevant work as a kitchen helper, swimming pool servicer, or clean-up worker. (Tr. 27-28). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (47 on the alleged onset date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 28). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)  inspector hand packager, DOT 559.687-074,[1] light, unskilled, SVP 2

(2)  small parts assembler, DOT 706.684-022, light, unskilled SVP 2

(3)  electronics worker, DOT 726.687-010, light unskilled, SVP 2

(Tr. 29). The ALJ concluded that Plaintiff had not been under a disability from January 1, 2016, through the date of the decision. (Tr. 29).

## II.    Analysis

On appeal, Plaintiff raises a single issue: whether the Commissioner fully and adequately considered the testimony of the vocational expert, which was relied upon in determining Plaintiff's ability to successfully perform work-related activities. (Doc. 26, p. 6). Plaintiff focuses on the language in the RFC that Plaintiff "is limited

---

[1] "DOT" refers to the Dictionary of Occupational Titles.

to work that requires occasional interaction with the public, coworkers, and supervisors." (Doc. 26, p. 8; Tr. 23).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Plaintiff argues that the limitation to occasional interaction with the public, coworkers, and supervisors needed more explanation in the hypothetical posed to the vocational expert and should have included parameters for the intensity or quality of the interactions and whether these interactions must be superficial, in-depth, or "normal." (Doc. 26, p. 8). Plaintiff also argues that the ALJ should have included a

time limit for the interactions with others. (Doc. 26. p. 9). Plaintiff posits, "[t]he jobs described would not be performed in isolation, nor necessarily intense interactions, it may be irritation by the mere presence and basic activities of others. (Tr. 55-56). If the Plaintiff could not perform within those parameters, the ability [to] work would be severely compromised." (Doc. 26, p. 10). Plaintiff claims that because the ALJ did not set distinct parameters as to the quality, intensity, and time limit for the limitation of occasional interactions with the public, coworkers, and supervisors, the vocational expert's testimony about the jobs a person with Plaintiff's limitations could perform is not substantial evidence on which the ALJ may rely. (Doc. 26, p. 7-10).

In the hypothetical to the vocational expert, the ALJ included the limitation, "[a]nd they are limited to work that requires occasional interaction with the public, coworkers, and supervisors." (Tr. 53). The ALJ asked the vocational expert if her testimony was consistent with the DOT. (Tr. 54). The vocational expert responded yes, except that the DOT "does not specifically address interaction with the public, coworkers, or supervisors. So, for those I use my knowledge, experience, and education as a vocational consultant." (Tr. 54). Counsel then inquired if the positions of inspector and hand packager, small parts assembler, and electronics worker were jobs done in isolation, meaning away from everyone else. (Tr. 55). The vocational expert responded, "[t]hey're typically not like [sic] they wouldn't have to rely on

any other coworkers to complete the job, but to be in like a separated room away from others that would not be possible. . . [T]he jobs that I listed are more bench assembly so there would be like someone, an individual bringing over the product and they'd have to maybe transport it over to the next station." (Tr. 55). Counsel then asked, "but we're not talking about intense interaction, we're talking about they're near me, that would change things? Even the brief superficial interactions in other words." (Tr. 55-56). The vocational expert responded, "I think for these jobs brief superficial interaction would – that would be what would be entailed for those." (Tr. 56).

The Court finds no error. The ALJ included the resume of the vocational expert, Stacy W. Fisher, as part of the record. (Tr. 328-29). Ms. Fisher's resume reflects that she is well qualified with many years of experience in the vocational rehabilitation field. (Tr. 328-29). At the hearing, the vocational expert did not ask for further clarification regarding the limitation to occasional interaction with the public, coworkers, and supervisors. (Tr. 52-56). In addition, at the hearing, Plaintiff's counsel had the opportunity to pose questions to the vocational expert – which he did –to clarify this limitation. (Tr. 55-56). Indeed, he asked whether these jobs would entail brief superficial interactions with the public, coworkers, and supervisors. (Tr. 55-56). The vocational expert clarified that these jobs would entail brief superficial interaction with others. (Tr. 56). If Plaintiff's counsel had any doubt

whether these jobs were beyond the limitation to occasional interaction with the public, coworkers, and supervisors posed by the ALJ, he should have objected or sought further clarification at the hearing. *See Pena v. Saul*, No. 8:19-cv-2122-T-TGW, 2020 WL 5525628, at *3 (M.D. Fla. Sept. 15, 2020) (finding no reversible error when counsel should have objected at the administrative hearing or questioned the vocational expert about the limitations in the hypothetical posed to the vocational expert) (citing *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 879 (11th Cir. 2013)); *see also Thomas v. Comm'r of Soc. Sec.*, No. 3:19-cv-620-J-PDB, 2020 WL 5810219, at *4 (M.D. Fla. Sept. 30, 2020) (finding no error when Plaintiff failed to provide authority compelling a more detailed hypothetical to the vocational expert).

The extent of the limitation to occasional interaction with the public, coworkers, and supervisors was clear to the ALJ and clear to the vocational expert. Without support in the record, Plaintiff basically guesses that the ALJ and the vocational expert might need additional clarification as to the quality, intensity, or a time limit for these occasional interactions. (Doc. 26, p. 9). They did not. The ALJ considered Plaintiff's testimony and statements concerning his having trouble getting along with people and his preference for being alone. (Tr. 24). He also noted the many times when Plaintiff was doing well, that he has "a great relationship with his two sons," and has few friends but has people he can call on. (Tr. 25).

In the RFC, the ALJ included all the limitations he found supported by the record and posed a hypothetical to the vocational expert that included all of these limitations. *See Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013); *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011). Based on the whole record, the ALJ included a limitation for occasional interaction with the public, coworkers, and supervisors. (Tr. 23-27). The vocational expert then listed jobs with brief, superficial interaction with people based on the ALJ's hypothetical. (Tr. 56). The Court therefore finds substantial evidence supports the ALJ's decision to rely on the vocational expert's testimony that Plaintiff could perform the jobs of inspector hand packager, small parts assembler, and electronics worker. (Tr. 29).

### III.     Conclusion

For the reasons stated, the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 24, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties